UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 12-cr-00255-MSK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1.     EMILZON RODAS-RUBI,
      a.k.a Omar Edgardo Cruz,
      a.k.a Edel Alexander Cruz-Rodas,

       Defendant.

---

## SETTING AND TRIAL PREPARATION ORDER

---

THIS MATTER comes before the Court for setting of trial and pretrial deadlines. The parties have previously contacted the Court and advised the Court of the deadlines applicable pursuant to the Speedy Trial Act (18 U.S.C. §3161, *et. seq.*) and obtained preliminary dates. Pursuant to the agreement of the parties and in accordance with the Speedy Trial Act and the Local Rules of the United States District Court for the District of Colorado effective April 15, 2002,

**IT IS HEREBY ORDERED:**

This Order may not be modified by agreement of the parties. Upon timely application, however, either or both parties may seek modification as may be necessary to meet a *bona fide* emergency, to avoid irreparable injury or harm, or as may otherwise be necessary to do substantial justice.

## A. TRIAL AND MOTIONS SETTING

1.      The initial trial setting in this matter for a three-day trial to a jury of twelve, plus alternates, is **July 23, 2012**, at **1:00 p.m.**, in the United States District Court for the District of Colorado, Courtroom A901, Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado. Pretrial motions[1] **other than Motions to Suppress** shall be filed on or before **June 27, 2012**. Responses and Motions to Suppress shall be filed on or before **July 11, 2012**.  Absent a specific directive to the contrary, responses to all motions in this case shall be filed within seven days. The government's response to any suppression motion shall include the estimated time needed for an evidentiary hearing on the motion.

2.      A final pretrial conference/motions hearing is set for **July 20, 2012** at **4:00 p.m.**  If no motions are timely filed, this hearing will be a final pretrial conference.  If motions are timely filed, this will be a non-evidentiary motion hearing.  At the hearing, non-evidentiary motions will be resolved or set for further determination, evidentiary motions will be set for hearing and trial may be set.  Please confer prior to the hearing to determine whether issues are in dispute, then narrow the issues to be resolved or file appropriate documents resolving the motions prior to the hearing.

3.      With regard to any motion filed by a defendant which is not governed by paragraph 1 above, the government shall file a written response to the motion within 5 business days of service of the motion, unless otherwise ordered by the Court.

## B.  PLEA AGREEMENTS

---

[1] A request for a *James* determination shall be made through a jointly filed motion accompanied by a completed chart in conformance with Exhibit A attached hereto.  **No hearing will be conducted**.  Based upon the joint motion and chart, prior to trial, the Court will issue a written advisory ruling premised upon the assumption that all identified evidence as to the alleged conspiracy is admitted at trial and a proffer of the identified statements pursuant to Fed.R.Evid. 801(d)(2)(E) is made.

Local Rule D.C.COLO.LCrR 11.1 is applicable in this matter. Absent Court Order, a Notice of Disposition shall be filed **no later than 14 days** before the trial date. At the Change of Plea Hearing, the original of the Plea Agreement and Statement in Advance should be marked as exhibits. If an Information is to be proffered, it should be marked as well. Oral motions to dismiss counts pursuant to the Plea Agreement can be made at the Change of Plea Hearing, and if granted, the order of dismissal will be stayed until the time of sentencing.

## C. TRIAL PREPARATION REQUIREMENTS

**1. Conflicts in Scheduling.** Continuances of the trial will be granted only in truly exceptional circumstances upon grounds satisfying the provisions of the Speedy Trial Act

**2. Motions and Jury Instructions.** All motions *in limine* and proposed jury instructions must be filed **no later than the day of and before** the final trial preparation conference. All instructions submitted should contain language which is gender neutral or gender correct. Instructions should contain the caption "Instruction No. __", and the supporting authority, but no other titles or numbers. Parties should submit stipulated facts and summary of the charges in the Indictment/Information as separate jury instructions.

**3. Witness List. No later than the day of and before** the final trial preparation conference, the Government shall file the final Witness List (form available through the "Judicial Officers' Procedures" link at www.co.uscourts.gov). Please be sure that first and last names are spelled correctly (using capital letters only for proper names) and that any changes in name have been noted, as one copy will be available to the court reporter to avoid the necessity of asking for the spelling of the witness' name.

**4. Exhibit List.** Prior to the conference, counsel shall confer and agree upon the manner of labeling exhibits. Pursuant to such agreement, **no later than the day of and before**

the final trial preparation conference, the Government will file an Exhibit List (form available through the "Judicial Officers' Procedures" link at www.co.uscourts.gov).   If known, demonstrative exhibits and documents used to refresh memory shall be listed on the Exhibit List.

If exhibits are to be presented by CD, they shall be labeled thereon.  If they are to be presented in hard copy, labels should be affixed prior to trial. All paper exhibits shall be bound, such as in three-ring notebooks or folders, and the notebook or folder labeled with the following information: (i) caption, (ii) charges,  (iii) scheduled date and time, (iv) party's name and designation and (v) "original" or "copy," and delivered to the CRD at the final trial preparation conference.

**5. *Voir Dire* Questions.**  The Court will conduct *voir dire* which will be composed of its own questions and those submitted by counsel.  Proposed *voir dire* questions shall be filed **no later than the day of and before** the final trial preparation conference.

**6.  Terminology**.  **At least one week before** the final trial preparation conference, parties shall file a glossary of any unusual or technical terminology.  The glossary should also include names of persons who will be mentioned during the course of trial but are not parties to the litigation.  Capitalize proper names, only.

**7.  Video and Special Equipment.**   If you intend to use electronic equipment advise the courtroom deputy clerk **at least one week before** trial and make an appointment for training.

**8.  Trial Briefs**.  Please advise the Court at the final trial preparation conference if you wish to file trial briefs.  Briefs requested shall be filed on a date to be set by the Court. Unless otherwise specified, trial briefs shall be limited to 5 pages.

**9. Issues to be addressed at the Final Trial Preparation Conference.**

The parties shall be prepared to address the following issues:

1)      jury selection;

2)      sequestration of witnesses;

3)      timing of presentation of witnesses and evidence;

4)      anticipated evidentiary issues (need for scheduling of hearings outside the

         presence of the jury);

5)      any stipulations as to fact or law; and

6)      any other issue affecting the duration or course of the trial.

DATED this 13th day of June, 2012.

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge

## PROFFER UNDER FED. R. EVID. 801(d)(2) AND OBJECTIONS

**SECTION 1: Government's Initial Proffer as to Conspiracy**

[The Government's proffer of facts showing that (1) a conspiracy or conspiracies existed, (2) the declarant of each statement and the defendant(s) were members of the conspiracy or conspiracies, and (3) the statements were made in the course of, and in furtherance of, the conspiracy or conspiracies.]

**SECTION 2: Government's Proffer as to Specific Statements**

| Statement #1 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| [either verbatim or best paraphrase possible] | [name of declarant] | [of statement] | [name or identification of source] | [explanation why the statement is admissible under Rule 801(d)(2)] |

| Defendant | Objections to Statement #1 |
|---|---|
| [name] | |
| [name] | |

| Statement #2 | Declarant | Date | Source | Basis for Admission |
|---|---|---|---|---|
| | | | | |

| Defendant | Objections to Statement #2 |
|---|---|
| | |
| | |